IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LIBERTY MUTUAL INSURANCE     *
 COMPANY and ACE AMERICAN     *
INSURANCE COMPANY, as subrogees     *
of International Matex Tank Terminals,     *
                                     *
       Plaintiffs,     *
                                       *
v.     *    CIVIL ACTIO NO. _____
                                       *
OWENSBY & KRITIKOS, INC.,     *
                                       *
       Defendant.     *

## COMPLAINT

       Plaintiffs, LIBERTY MUTUAL INSURANCE COMPANY, as subrogee of International Matex Tank Terminals; and ACE AMERICAN INSURANCE COMPANY, as subrogee of International Matex Tank Terminals, by and through their undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, hereby file their Complaint against Defendant, OWENSBY & KRITIKOS, INC., and aver as follows:

## GENERAL AVERMENTS

       1.        This is an action for damages in excess of $75,000, exclusive of attorney's fees, interests, and costs.

       2.        At all times material to this action, Plaintiff, LIBERTY MUTUAL INSURANCE COMPANY (hereinafter "LIBERTY") was and is a Massachusetts insurer authorized to and conducting business in the State of Louisiana.

       3.        At all times material to this action, Plaintiff, ACE AMERICAN INSURANCE COMPANY (hereinafter "ACE") was and is a Pennsylvania insurer authorized to and conducting business in the State of Louisiana.

4.     At all times material to this action, International Matex Tank Terminals ("IMTT") was and is a Delaware corporation with its principal place of business located in New Orleans, Louisiana.

5.     At all times material to this action, LIBERTY and ACE issued certain property insurance policies providing coverage to IMTT for IMTT's facility located in St. Rose, St. Charles Parish, Louisiana (hereinafter "the Facility").  LIBERTY and ACE's insurance policies provided insurance coverage for damages to IMTT's property and business.  Copies of the aforementioned policies are attached hereto as Exhibits "A" and "B," respectively.

6.     At all times material to this action, Defendant, OWENSBY & KRITIKOS, INC. (hereinafter "OWENSBY"), was and is a Louisiana corporation conducting business in St. Rose, St. Charles Parish, Louisiana.  With specific reference to this matter, OWENSBY served as a tank inspection contractor hired by IMTT to perform inspections and services  for IMTT's oil storage tanks located at the Facility.

7.     This Court has original jurisdiction of this civil action pursuant to 28 USC 1332(a), as it is a lawsuit between a citizen of Louisiana, and citizens of Massachusetts, Pennsylvania and Delaware; and the amount in controversy exceeds $75,000, exclusive of interest or costs.  This matter is properly brought in the Eastern District of Louisiana, pursuant to 28 USC 1391(a)(1), as the Defendant, OWENSBY, resides in the State of Louisiana; and pursuant to 28 USC 1391 (a)(2), as a substantial part of the property that is the subject of the action is situated herein.

8.     On or about March 1, 2010, OWENSBY performed an "API 653" inspection of a certain oil storage tank (hereinafter "the Tank") located at the Facility.

9.     During the inspection, it was determined that explosive gaseous fumes had

2

accumulated underneath the base of the Tank.

10.     Subsequently, OWENSBY performed a "purge" in order to dispel the explosive gaseous fumes. During the "purge" process, air was to be forced underneath the Tank's base in order to force the gaseous fumes out from underneath the Tank.

11.     OWENSBY performed the "purge" incorrectly; therefore, the gaseous fumes were not completely dispelled from underneath the Tank.

12.     As a direct and proximate result of the improper work performed by OWENSBY at the Facility, the Tank was substantially damaged (hereinafter "the Incident").

13.     Pursuant to the insurance proceeds paid by LIBERTY and ACE to IMTT per the aforementioned insurance policies, LIBERTY and ACE are subrogated to the rights of IMTT for all monies paid to IMTT in satisfaction IMTT's damages claim arising from the Incident.

## COUNT I - BREACH OF CONTRACT

14.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 13 as though fully alleged herein.

15.     IMTT and Owensby entered into an agreement ("the Agreement") whereby OWENSBY was to "perform API 653 inspections for 2010 SPCC program and any other tanks that become available."  A copy of the agreement is attached hereto as Exhibit "C."

16.     During OWENSBY's inspection, OWENSBY discovered that explosive gaseous fumes had accumulated underneath the base of the Tank.

17.     OWENSBY performed the purge in order to dispel the accumulated explosive gaseous fumes from underneath the Tank's base.

18.     While performing the purge, OWENSBY failed to open all of the leak detection

3

valves along the base of the Tank.

19.    Consequently, the introduction of pressurized air caused the Tank to lift off its retaining wall, causing significant damage to the Tank.

20.    OWENSBY's breach of contract was the direct and proximate cause of the damage to the Tank.

21.    Pursuant to the Agreement, OWENSBY is responsible for the damages caused by its improper purge.

22.    LIBERTY and ACE have been obligated to provide insurance payments to IMTT for the damages arising from the Incident, and thus have been damaged by OWENSBY's breach of the Agreement.

WHEREFORE, Plaintiffs respectfully demand judgment against OWENSBY & KRITIKOS, INC., for compensatory damages, pre-judgment interest, post-judgment interest, costs, and any other relief this Court may deem reasonable and appropriate.

## COUNT II - NEGLIGENCE

23.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 13 as though fully alleged herein.

25.    At all times material to this action, OWENSBY had a duty to perform its work in a safe and prudent manner, and to follow industry standards and practices in performing the purge of explosive fumes.

26.    OWENSBY breached that duty by failing to perform its work in a safe and prudent manner, and by failing to follow industry standards and practices in performing the purge of explosive fumes.

4

27.     Specifically, OWENSBY failed to open all of the Tank's leak detection valves while performing the purge.

28.     As a result of OWENSBY's negligent breach of reasonable care, the Tank was substantially damaged when it lifted from its retaining wall.

29.     As a direct and proximate result of OWENSBY's breach of due care and the resulting Incident, LIBERTY and ACE became obligated to provide insurance payments to IMTT for repairs to the Tank, and thus have been damaged by OWENSBY's breach of due care.

WHEREFORE, Plaintiffs respectfully demand judgment against OWENSBY & KRITIKOS, INC., for compensatory damages, pre-judgment interest, post-judgment interest, costs, and any other relief this Court may deem reasonable and appropriate.

Respectfully Submitted,

BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLP

_/s/Carin D. Brock_
Carin D. Brock, Esq. (LA #28339)
1110 Montlimar Drive, Suite 1050
Mobile, Alabama  36609
Telephone:    (251) 338-3801
Facsimile:     (251) 338-3805

Scott S. Katz, Esq.
Florida Bar No.: 709476
skatz@butlerpappas.com
Suzanne S. Glickman, Esq.
sglickman@butlerpappas.com
Florida Bar No.: 0036572
777 S. Harbour Island Boulevard, Suite 500
Tampa, FL 33602
Telephone (813) 281-1900
Facsimile (813) 281-0900

5

**SERVED NOTICE OF LAWSUIT AND REQUEST**
**TO WAIVE SERVICE OF A SUMMONS TO:**

**OWENSBY & KRITIKOS, INC.**
671 Whitney Avenue
Building B
Gretna, LA  70056